UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARTHA MARIE FLANAGAN,<br><br>      Plaintiff,<br> v.<br><br>KELLY R. JOHNSTON, et al.,<br><br>      Defendants. | Case No. 3:24-cv-05313-BHS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for: June 18, 2024 |

  This matter comes before the Court on plaintiff's motion to proceed in forma pauperis ("IFP") and her proposed amended complaint. Dkts. 1, 4. This matter has been referred for review of the IFP application to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a). After careful consideration of the proposed amended complaint, the Court recommends that Plaintiff's IFP application be DENIED and this case be dismissed for failure to state a claim.

## DISCUSSION

  The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

REPORT AND RECOMMENDATION - 1

The Court must review and screen complaints, and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

An unrepresented plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Leave to amend need not be granted "where the

NOTED FOR: JUNE 18, 2024 - 2

amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

    A.  Rule 8

Under Federal Rule of Civil Procedure (Fed. R. Civ. P.) 8(a), a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Plaintiff must allege a plausible set of facts that would show they are entitled to any relief.  Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Iqbal,* 556 U.S. at 681.

Here, plaintiff asserts she was arrested after reporting a smell in her apartment. Dkt. 4 at 5. The factual basis, beyond this allegation, is not clear. The named defendants are "Kelly R. Johnston," identified by plaintiff as the mayor of Centralia, Washington, "Allan Hitchcock," "Stacey Denham," "Detective Odell," and "Sargeant Carlbuster". The Court cannot discern any legal basis for plaintiff's claims, even though she lists the Second and Fourth Amendments; there is no factual basis upon which these provisions could be applied to her claims.

The Court previously offered plaintiff an opportunity to amend her complaint, however, because plaintiff has again failed to state a claim and her amended complaint is largely indiscernible, providing plaintiff another opportunity to cure the defects of her complaint would be futile. Accordingly, the Court recommends that plaintiff's motion for IFP status should be denied.

CONCLUSION

Because Plaintiff failed to cure the deficiencies the Court previously identified, and the complaint does not state any plausible cause of action, Plaintiff's motion to proceed *in forma pauperis* should be DENIED and her complaint should be DISMISSED without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **June 18, 2024**, as noted in the caption.

Dated this 4th day of June, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge